**14-2930-cv**
*Bohnet v. Valley Stream Union Free School District 13*


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER ). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand fifteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

Lynn L. Bohnet,
> *Plaintiff-Appellant*,


> v.                                        14-2930-cv


Valley Stream Union Free School District 13,
Elizabeth Lison, Christine Zerillo, Frank
Huplonsky,

> *Defendants-Appellees*.


---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | MATTHEW WEINICK, Famighetti & Weinick, PLLC, Melville, NY. |
| **FOR DEFENDANTS-APPELLEES:** | JOSEPH W. CARBONARO, Frazer & Feldman, LLP, Garden City, NY. |

1

Appeal from an order of the United States District Court for the Eastern District of New York (Hurley, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Lynn L. Bohnet ("Bohnet"), appeals from a judgment of the district court dismissing her claims against her employer, Valley Stream Union Free School District 13 and individual defendants ("Defendants"), alleging, *inter alia*, age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1983 and New York State Human Rights Law ("NYSHRL"). Bohnet also appeals the district court's denial of a motion for leave to amend the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 590 (2d Cir. 2006). A plaintiff must allege sufficient facts to state a claim of relief that is "plausible on its face." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007). Such factual allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. When a complaint pleads facts that are "merely consistent with" a defendant's liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 557. (internal quotation marks and brackets omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

2

Under the ADEA, an employer may not "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). An ADEA plaintiff "must prove that age was the 'but-for' cause of the employer's adverse decision," rather than a motivating factor for the decision. *Gross v. FBL Fin. Serv.*, 557 U.S. 167, 176 (2009).

On review of the record, and drawing all inferences in Bohnet's favor, we conclude that the district court fully considered whether the complaint pleaded "sufficient facts to make *plausible* the conclusion that 'but for' her age [Bohnet] would have been hired," and it correctly determined that the complaint lacked the requisite specificity to withstand a motion to dismiss. *Bohnet v. Valley Stream Union Free Sch. Dist. 13*, No. 12-CV-1989 DRH ARL, 2014 WL 3400462, at *4 (E.D.N.Y. July 14, 2014) (emphasis added). We agree with the district court, for the reasons set forth in its thorough memorandum of decision, that absent greater specificity, Bohnet's factual allegations of age discrimination both in her original and proposed amended complaint are conclusory and "stop[] short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557. The facts alleged do not provide a sufficient basis to conclude that but for her age, Bohnet would have been hired for the positions for which she applied.

We have considered all of Bohnet's remaining arguments, and find them to be without merit. Accordingly, we **AFFIRM** the district court's grant of Defendants' motion to dismiss and its denial of Bohnet's motion for leave to amend the complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3